**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MARIA LOPEZ-SEBASTIAN; S. G. G.-L.; M. G.-L.; M. I. G.-L.; D. R. G.-L., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-2998 <br><br> Agency Nos. <br> A208-381-652 <br> A208-289-268 <br> A208-289-270 <br> A208-381-653 <br> A208-381-654 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2026**
Pasadena, California

Before: HIGGINSON, NGUYEN, and BRESS, Circuit Judges.***

Maria Lopez-Sebastian ("Maria") and her four children, who are derivative

beneficiaries to Maria's asylum application, are natives and citizens of Guatemala.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Stephen A. Higginson, United States Circuit Judge for the Court of Appeals, Fifth Circuit, sitting by designation.

Maria and her children (collectively "Petitioners") petition for review of a Board of Immigration Appeals' ("BIA") decision affirming an order of an Immigration Judge ("IJ") denying Maria's application for asylum and her application for withholding of removal and Convention Against Torture ("CAT") protection. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.[1]

1. The BIA correctly concluded that Petitioners waived their claims of past persecution in their appeal to the BIA. Under BIA precedent, failure to raise an issue constitutes waiver. *See Matter of Valdez*, 27 I. & N. Dec. 496, 498 n.3 (BIA 2018). Petitioners' brief before the BIA addressed only one issue: whether Petitioners had established a well-founded fear of future persecution. Their brief nowhere mentions that the IJ reached a conclusion about past persecution, and its concluding plea was that the BIA "find that [Petitioners] have a well-founded fear of future persecution." As such, the BIA correctly concluded that Petitioners waived their past-persecution arguments before the BIA.

2. Regarding future persecution, substantial evidence supports the agency's determination that Petitioners failed to adequately demonstrate the requisite nexus between alleged future persecution and the particular social group of "family." To satisfy the nexus requirement, an asylum applicant must "provide evidence

---

[1] Because Maria's opening brief does not make meaningful arguments about the denial of her withholding-only claim, she forfeited this claim. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).

showing that her protected characteristics were 'one central reason' for either her past harms or her feared future harms." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)). "The reasons needed to prove a nexus refer to the persecutor's motivations for persecuting the petitioner." *Id.*

Before the IJ, Maria testified that she feared future persecution by an unknown person making calls to her residence. She made various representations about the disturbing nature of the calls—including the caller's threats to rape her and kidnap her children—and testified that she believed the caller was a gang member targeting her because the caller knew Maria's husband was sending her money from the United States.

The agency found that "the caller had a criminal motive and did not harbor animus against the [Maria's] family or target her due to her familial ties." Specifically, the IJ concluded that the caller harassed Maria not because he harbored animus based on her biological ties, historical status, or other features unique to that family's unit, but rather to obtain money.

Substantial evidence supports these determinations. Here, Maria testified that the caller demanded that she give him money. Even though Maria testified about the threats she received and posited a different theory of why she was receiving them, the record here supports the agency's finding that the caller was

motivated instead by monetary gain. To prove nexus, Maria needed to demonstrate that the caller's motivation was about her identity, not just economic. *See Rodriguez-Zuniga*, 69 F.4th at 1019–20. The BIA therefore did not err in concluding that Petitioners did not satisfy the nexus requirement.

3. The BIA correctly concluded that Maria waived her claim for CAT relief. In her brief to the BIA, Maria presented, as an issue for review, her contention that the IJ erred in denying CAT relief. But the brief made arguments only about whether Petitioners had established a well-founded fear of future persecution. As noted above, it did not grapple with her alleged past persecution. Nor did it challenge the IJ's conclusions about Maria's ability to relocate within Guatemala. Although the brief raised country conditions evidence, it did so to argue that reporting any incidents to the police would be futile. The brief therefore did not address the IJ's specific conclusion that Maria submitted no evidence that "[she] or her children would be at a particular risk of torture."

Accordingly, Maria's failure to meaningfully address the IJ's CAT findings constituted waiver, and the BIA did not err in reaching that conclusion.

**PETITION DENIED.**[2]

---

[2] The motion for stay of removal, Dkt. 2, is denied.

25-2998